**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTION

Appellate case name:     Zsolt Petko and Zsuzsanna Adam v. Carelton Courtyard

Appellate case number:   01-17-00918-CV

Trial court case number:  CV-0077741

Trial court:             County Court at Law No. 2 of Galveston County

On December 24, 2019, appellants, Zsolt Petko and Zsuzsanna Adam, proceeding pro se, filed a "Motion to Reopen Case." The Texas Rules of Appellate Procedure, which govern the processes of this Court, do not identify a "Motion to Reopen Case" as a permitted motion. However, based on the contents of appellants' motion, the Court construed it as a motion for rehearing. *See* TEX. R. APP. P. 49.1, 49.5. On January 9, 2020, appellants' motion was dismissed because this Court lacked jurisdiction. Specifically, this Court's plenary power expired on December 20, 2018, which is 30 days after the denial of appellants' motion for en banc reconsideration. *See* TEX. R. APP. P. 19.1(b). As stated in the January 9, 2020 order, Texas Rule of Appellate Procedure 19.3 governs this Court's authority to act after its plenary power expires; however, and as stated in our January 9, 2020 order, none of the permitted post-plenary power bases set forth in Rule 19.3 apply to appellants request. *See* TEX. R. APP. P. 19.3(a)-(d).

In response to our January 9, 2020 order, appellants filed a series of documents with this Court, including: (i) a "Bill of Exception" on January 23, 2020; (ii) a "Motion for Leave to File" on January 24, 2020; and (iii) a "Motion for Explanation and Justification of Court Decision" on February 11, 2020. This Court construes these filings together as a further motion for rehearing of the January 9, 2020 order dismissing appellants' motion for rehearing.[1] *See* TEX. R. APP. P. 49.5. Because this Court's plenary power expired on

---

[1]     Although this Court does not modify or vacate its judgment or issue a different opinion, because the appellants are proceeding pro se, under Texas Rule of Procedure 2 this Court suspends the normal operation of rule 49.5 and construes their filings together as a "further motion for rehearing." *See* TEX. R. APP. P. 2, 49.5. The Texas Rules of Appellate Procedure only require this Court to give reasons for resolving an appeal in its opinion, which was done in the Court's April 3, 2018 memorandum opinion. Further, the rules do

December 20, 2018, and because appellants' filings do not fall under one of the permitted post-plenary power bases, appellants' motion must be dismissed for lack of jurisdiction.[2]

Accordingly, we **dismiss** appellants' motion for lack of jurisdiction, and dismiss all other pending motions as moot.

It is so ORDERED.

Judge's signature:    /s/ Justice Evelyn V. Keyes
           ☑ Acting individually    ☐ Acting for the Court

Date: March 10, 2020

---

not require this Court to give any reasons for denying a motion for rehearing. *See* TEX. R. APP. P. 47.4, 49.3.

[2]    Appellants' appeal was dismissed on April 3, 2018 for want of prosecution for failure to pay the required clerk's record fee. *See* TEX. R. APP. P. 5, 37.3(b), 42.3(b), (c). In appellants' "Motion to Reopen Case," they reference a correspondence to this Court which "disappeared," ultimately leading to the dismissal for want of prosecution. Prior to the order for dismissal, on February 15, 2018, this Court issued an order and notice of intent to dismiss for want of prosecution, requiring appellants, within 30 days of the date of the order, to either: (i) make arrangements for payment of the clerk's record; or (ii) file a response with this Court that no record is being requested. According to appellants, in response to the Court's February 15, 2018 order, on or around March 8, 2018, they attempted to send a letter directly to Justice Laura Carter Higley (ret.), via the United States Postal Service, certified mail, return receipt requested. This is the correspondence which appellants allege "disappeared." However, as is detailed in this Court's December 1, 2017 letter to appellants, all documents or other communication(s) with this Court must be filed through the Clerk's office, and parties "may not communicate with either the justices or their staff about a case."